## MOSES E. EAGER *vs.* HENRY TAYLOR.

Under Gen. Sts. c. 133, § 32, *cl.* 6, materials and stock designed and procured by a debtor and necessary for carrying on more than one trade or business, and intended to be used or wrought by him therein, not exceeding one hundred dollars in value, are exempt from execution; and the fact that he occasionally sells to a customer or stranger some of these articles, if called for, without ever advertising or holding himself out as a vendor thereof, will not render them liable to be seized on execution.

TORT for the conversion of certain materials used in the manufacture of carriages.

The following facts were agreed in the superior court: The plaintiff was an insolvent debtor, and for fifteen years had carried on the business of making, repairing and painting carriages, and making harnesses, and had a general manufactory and place of business, and a general superintendence of the whole business and of the men employed. He kept on hand articles to be used in these occupations, and would occasionally sell any of them to a customer or stranger, if called for, but he never advertised or held himself out as a vendor of any of them. He originally learned the trade of painting, but afterwards became acquainted with the other branches of his business, and could himself perform work in all of them. In August 1861 he went into insolvency, and the defendant, who was his assignee in insolvency, delivered to him all the stock and tools belonging exclusively to the painting department, amounting to ten dollars in value, and sold the rest, which were worth over one hundred dollars, without the plaintiff's consent.

On these facts, judgment was rendered for the defendant, and the plaintiff appealed to this court.

*J. Nickerson*, for the plaintiff.

*G. M. Hobbs*, for the defendant.

CHAPMAN, J. The plaintiff, having gone into insolvency claims the property sued for under Gen. Sts. c. 133, § 32, *cl.* 6 which provides that " materials or stock designed and procured by him, and necessary for carrying on his trade or business, and intended to be used or wrought therein, not exceeding one

hundred dollars in value," shall be exempt from execution; and also under c. 118, § 42, which provides that an assignment in insolvency shall except such property from its operation. The defendant, being the assignee, contends that the property passed to him by virtue of the assignment.

One ground of the defence is, that the plaintiff was a painter and carried on the trade of a painter; that he had stock and tools belonging to that department of his business, amounting to ten dollars; that these were given up to him by the assignee, and that he was entitled to nothing more; that his other business was a distinct trade, and that the statute does not exempt stock and materials belonging to more than one trade or business.

But the statute does not strictly limit the exemption to what is commonly pursued as a single trade. There is no settled rule of division or distinction between different trades in this country, and changes are in constant progress by which the divisions of labor and trade are multiplying, especially in large towns, where business is prosecuted on a large scale. The business of house building, for example, is divided into a great number of separate trades; and if the distinction contended for were to be adopted, the tools of a joiner used in making windows would not be exempted, if he was also engaged in making stairs and possessed tools adapted to that business. This view of the statute was taken in *Pierce* v. *Gray*, 7 Gray, 67, where it was held that one whose general business was the ice business, and whose tools of trade in that business were exempt, might also hold as exempt his tools for farming or gardening. In *Howard* v. *Williams*, 2 Pick. 80, and *Dowling* v. *Clark*, 1 Allen, 283, it is said that the design and effect of the law have been held to be "to secure to handicraftsmen the means by which they were accustomed to obtain subsistence in their respective occupations." This construction is adapted to the business of small country towns, where it is often convenient to the people, and necessary to the subsistence of a mechanic, that he should carry on a variety of branches of business which in large cities are always carried on separately. In the case last cited it is further said

that the exemption will include the tools and implements required by the journeymen or assistants, without whose aid the business of a mechanic cannot be prosecuted to any profitable end.

No great abuse can arise out of this liberal construction of the statute, because the amount exempted is limited to a sum that is not large.

Nor are the branches of business which the plaintiff carried on so entirely distinct that they may not in some instances be properly connected together as branches of one business. Painting is properly a department of carriage-making; manufacturing and repairing are closely connected; and the carriage and harness are necessary to each other. We can see no reason why the policy of the law should be opposed to these branches being united together, and carried on by a single man for the convenience of his neighbors or the support of his family. On the contrary, the policy of the law is to interfere as little as possible with the practical operations of business; and leave individual enterprise and skill untrammelled. The defendant further contends that the plaintiff is not entitled to recover because he kept his stock and materials for sale as well as for use. This is a valid defence, if the facts stated sustain it. In *Nash* v. *Farrington*, 4 Allen, 157, it was held that when one kept for sale a stock of provisions, he could not hold a portion of them exempt from execution, as articles for family use, unless he set them apart for such use in some way, or claimed them as exempt when taken. In *Clapp* v. *Thomas*, 5 Allen, 158, this rule was applied to a crop of corn which had been gathered and was kept partly for family use and partly for other uses. In *Stevenson* v. *White*, 5 Allen, 148, it was applied to stock and materials that had been purchased at first to be used for carrying on the debtor's trade, and exceeding an hundred dollars in value; but before any part was separated, the debtor fraudulently sold the whole. In the present case, it is not stated that any portion of the stock or materials was kept by the debtor for the purpose of being sold; but only that he made sales of some of the articles when called for. The fair construction of the statement is, that he

kept the articles for the purpose of being used in his own business, and that his sales were made, not as a part of his business, but rather for the accommodation of persons who occasionally wanted them. *Judgment for the plaintiff for $90 and costs.*